# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **PEARL S. HARRIS,** ) | **CASE NO. 1:06 CV 0113** |
| ) | |
| Plaintiff, ) | **JUDGE PETER C. ECONOMUS** |
| ) | |
| v. ) | |
| ) | |
| **C.B. FLEET COMPANY, INC., et al.,** ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| ) | |
| Defendants. ) | |

This matter is before the Court upon Defendant C.B. Fleet Company, Inc.'s Motion for Reconsideration of the Court's Order Granting Plaintiff's Motion for Leave to File an Amended Complaint. (Dkt. # 30). Also before the Court is Plaintiff, Pearl S. Harris', "Memorandum in Opposition to C.B. Fleet Company, Inc.'s Motion for Reconsideration of the Court's Order Granting Plaintiff's Motion for Leave to File an Amended Complaint and Motion for Sanctions Pursuant to Rule 11 F.R.C.P. and LR 7.1(i)" (Dkt. # 31) and defendant's reply (Dkt. # 40).

## I.     FACTUAL BACKGROUND

This case arises from Plaintiff, Pearl S. Harris', ("Harris"), December 11, 2003 colonoscopy. On or about December 10, 2003, Harris purchased a three fluid ounce package of Fleet® Phospho-Soda® from a local pharmacy to use as a bowel cleanser in preparation for her colonoscopy. (Dkt. #1, Complt. ¶ 7). A screening colonoscopy was performed on Harris on December 11, 2003. (Dkt. # 1, Complt. ¶ 9). She was discharged home that same

day. (Dkt. # 1, Complt. ¶ 9). Following her colonoscopy, Harris began to experience flu-like symptoms such as lower back pain, nausea, vomiting, diarrhea, fever, chills, and abdominal pain. (Dkt. # 1, Complt. ¶ 10). On December 27, 2003, Harris was admitted to Hillcrest Hospital with an initial diagnosis of acute renal failure and chronic renal failure.[1] (Dkt. # 1, Complt. ¶ 12). She filed a Complaint in the Cuyahoga County Court of Common Pleas on December 5, 2005, alleging Defendants, C. B. Fleet Co., Inc., et al., ("Fleet") manufactured and/or sold and supplied an unsafe product. (Dkt. # 1, Compl. ¶¶ 1535). Pursuant to 28 U.S.C. §§ 1441(a) and 1332, Fleet removed this action to this Court on January 17, 2006.

On December 6, 2006, Harris filed a Motion for Leave to File an Amended Complaint, which this Court granted by non-document order on December 18, 2006. Harris' amended complaint added Henry W. Eisenberg, M.D. ("Eisenberg") as a defendant and asserted claims sounding in medical malpractice against Eisenberg. (Dkt. # 28). Harris averred that during the period of time she was obligated to provide initial disclosures to defendants, she was "unable to locate the 'colonoscopy preparation sheet'" Eisenberg provided to her, believing she had discarded the item. (Dkt. # 24). However, just before her November 2, 2006 deposition in this matter, "while compiling unrelated information at counsel's request, [Harris] located the original 'colonoscopy preparation sheet' provided to her by [Eisenberg] in December 2003." (Dkt. # 24). Harris argues that the instructions on the original sheet provided by Eisenberg directed her to take a single, three ounce dose of

---

[1] Although the complaint initially alleges that Harris' admittance to Hillcrest Hospital occurred on December 27, 2005, at a status conference held before the Court on January 23, 2007, counsel for Harris averred that the correct date should read December 27, 2003.

Phospho-soda®. (Dkt. # 24, Exh. B). Eisenberg produced a colonoscopy preparation sheet which instructed her to take a 1.5 ounce dose of the product. (Dkt. 24, Exh. D). Harris contends that Eisenberg "purposefully altered the original preparation instructions he had given her . . . in response to the subpoena in bad faith in an effort to avoid personal liability for [her] injuries and to discredit [her] claim that she followed [Eisenberg's] direction." (Dkt. # 24).

## II.    LAW AND ANALYSIS

Federal Rule of Civil Procedure 15(a) states that leave to amend a pleading shall be freely given "when justice so requires." FED. R. CIV. P. 15(a). The Court may consider several factors when determining whether to grant a motion to amend:

> [u]ndue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment are all factors which may affect the decision. Delay by itself is not sufficient reason to deny a motion to amend. Notice and substantial prejudice to the opposing party are critical factors in determining whether an amendment should be granted.

Head v. Jellico Hous. Auth., 870 F.2d 1117, 1123 (6th Cir.1989) (quoting Hageman v. Signal L.P. Gas Inc., 486 F.2d 479, 484 (6th Cir.1973)). See also Coe v. Bell, 161 F.3d 320, 341-42 (6th Cir.1998), cert. denied, 528 U.S. 842 (1999). Thus, to deny a motion to amend, the Court must find at least "some significant showing of prejudice to the opponent." Moore v. City of Paducah, 790 F.2d 557, 562 (6th Cir.1986). It is well established that allowing amendment after the close of discovery creates significant prejudice to the opposing party. See Duggins v. Steak 'N Shake, Inc., 195 F.3d 828, 834 (6th Cir.1999). Consequently, when amendment is sought at a late stage in the litigation, an increased burden is placed on the

party seeking leave to show justification for failing to move earlier. Id.

In their motion for reconsideration, Fleet argues that (1) Harris' amended complaint violates the Case Management Plan governing the this case, which provided that the deadline for adding parties and amending pleadings was July 8, 2006; and (2) Harris' cause of action for medical malpractice against Eisenberg is barred by the statute of limitations. As a result, Fleet contends that the Court should have denied Harris' motion for leave to amend as untimely, as well as "futile and subject to immediate dismissal." (Dkt. # 30).

A review of the record reveals that Harris sought an amendment at the latest stage of pretrial litigation. The deadline for adding parties in this case, pursuant to the Case Management Conference, was July 8, 2006. (Dkt. # 11). The final discovery cutoff date in this matter was December 31, 2006. (Dkt. # 11). As Fleet observes, Harris "has had full access to her own medical records through the duration of this case" and "offers no excuse as to why she could not have complied with its express terms." (Dkt. # 30). The late stage of litigation required Harris to provide ample justification for failing to amend her Complaint earlier. She has not provided the Court with such evidence.

Additionally, the claims asserted against Eisenberg in Harris' amended complaint are likely to be barred by the statute of limitations. Ohio requires a plaintiff to initiate a claim for malpractice against a physician within one year after the discovery of the injury being claimed. See Flowers v. Walker, et al., 63 Ohio St.3d 546, 547 (1992). A cause of action for medical malpractice does not accrue until the patient discovers, or should have discovered in the exercise of reasonable care and diligence, the resulting injury. See Flowers, 63 Ohio

-4-

St.3d at 548 (citing Oliver v. Kaiser Community Health Found., 5 Ohio St.3d 111 (1983)). This requires the occurrence of a "cognizable event" or "facts and circumstances which lead, or should lead, the patient to believe that the physical condition or injury of which she complains is related to a medical diagnosis, treatment, or procedure that the patient previously received." Flowers, 63 Ohio St.3d at 549 (citing Allenius v. Thomas, 42 Ohio St.3d 131 (1989)). Furthermore, "[a] plaintiff need not have discovered all the relevant facts necessary to file a claim in order to trigger the statute of limitations." Id. A plaintiff's constructive knowledge of the facts is sufficient. Id.

On December 27, 2003, Harris was admitted to Hillcrest Hospital with an initial diagnosis of acute renal failure and chronic renal failure. (Dkt. # 1, Complt. ¶ 12). The Court finds that the initial diagnosis of renal failure was the "cognizable event" that should have triggered Harris to investigate a malpractice claim, notwithstanding her argument that her "earliest opportunity to discover the 'acts' of Eisenberg giving rise to her causes of action against him was after she located her original colonoscopy instruction sheet shortly before her November 2, 2006 deposition and during the course of her deposition." (Dkt. # 31). Harris initiated a cause of action against Fleet on December 5, 2005. At that time, she was aware of "facts or circumstances" which in fact led her to believe that her consumption of Phospho-soda® in preparation for her December 11, 2003 colonoscopy caused her to suffer the injuries claimed in her Complaint. However, Harris did not move to amend her complaint until December 6, 2006.

Even assuming Harris is correct in her argument that the limitations period has not

run, the Court has discretion to allow the joinder of additional defendants where, as here, the additional defendant would destroy diversity.[2] See 28 U.S.C. § 1447(e); see also Righetti v. Shell Oil Co., 711 F.Supp.531, 534 (ND CA 1989). Moreover, the Court may take into account whether the action against the new defendant will be barred by the statute of limitations, as well as the apparent validity of the claim against the new defendant. See Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343 (1988); see also Goodman v. Travelers Ins. Co., 561 F.Supp. 1111 (ND CA 1983). In the instant case, both factors yield in favor of denying the amendment adding Eisenberg as defendant.

Finally, defendants are likely to suffer further prejudice should the amended Complaint remain because it may require additional discovery in order to prepare a defense to the medical malpractice claim. As Harris has failed to demonstrate any justification for generating undue delay and substantial prejudice, coupled with the futility of the amended complaint, Fleet's motion for reconsideration is granted.

## III. CONCLUSION

Accordingly, Defendants C.B. Fleet Co., Inc., et al.'s "Motion for Reconsideration of the Court's Order Granting Harris's Motion for Leave to File an Amended Complaint" is **GRANTED**. (Dkt. # 30). Harris' Amended Complaint (Dkt. # 28) shall be **STRICKEN** from the record. Furthermore, Harris' motion for sanctions pursuant to Fed. R. Civ. P. 11 and LR 7.1(i) is **DENIED**. (Dkt. # 31). Defendant Henry W. Eisenberg, M.D.'s "Motion

---

[2] Title 28 U.S.C. § 1447(e) provides:

> If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court.

for Extension of Time to Move, Plead, or Otherwise Respond to Plaintiff's First Amended Complaint" is **DENIED** as **MOOT**. (Dkt. #s 37).

    **IT IS SO ORDERED.**

                                                      */s/Peter C. Economus* **- January 24, 2007**
                                                      **PETER C. ECONOMUS**
                                                      **UNITED STATES DISTRICT JUDGE**